UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
VIABLE MARKETING CORPORATION,

                      Plaintiff,      MEMORANDUM & ORDER
                                          09-CV-1500(JS)(WDW)

    -against-

INTERMARK COMMUNICATIONS, INC.
d/b/a INTERMARK MEDIA, INC. and
COPEAC,

                      Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:        Alain Jeff Ifrah, Esq.
                     Ifrah PLLC
                     1627 I Street, N.W., Suite 1100
                     Washington, DC 20006

For Defendants:      David Scott Greenberg, Esq.
                     Ina B. Scher, Esq.
                     Davis & Gilbert
                     1740 Broadway
                     New York, NY 10019

SEYBERT, District Judge:

        Plaintiff Viable Marketing Corporation ("Viable" or "Plaintiff") commenced this diversity action against Defendants Intermark Communications, Inc. d/b/a Intermark Media, Inc. and Copeac ("Defendants" or "Intermark") on April 13, 2009 alleging (I) fraud; (II) negligent misrepresentation; (III) violation of N.Y. General Obligations Law § 349; (IV) breach of contract; (V) tortious interference with economic advantage; (VI) tortious interference with contract; (VII) unfair competition; (VIII)

misappropriation; and (IX) unjust enrichment.[1]  On January 3, 2011, Plaintiff moved for partial summary judgment on its unjust enrichment claim.  For the following reasons, Plaintiff's motion for summary judgment is DENIED, and summary judgment is hereby GRANTED in favor of Defendants.

BACKGROUND[2]

Viable is in the business of selling web-based business opportunity programs.  (Compl. ¶ 9.)  In order to market its programs most effectively on the Internet, Viable entered into a contract (the "Viable-PartnerWeekly Contract") with PartnerWeekly, L.L.C. ("PartnerWeekly"), a Nevada-based Internet marketing agency, on August 15, 2008.  (Compl. ¶ 10; Scher Decl. Ex. B.)  The Viable-PartnerWeekly Contract gave PartnerWeekly the exclusive Internet marketing rights to certain of Viable's programs, including "Media Mogul Me."  (Compl. ¶ 11.)  Plaintiff does not dispute the existence or validity of this contract.  (Compl. ¶ 78.)  In October 2008, PartnerWeekly entered into a contract with Intermark ("PartnerWeekly-Intermark Contract") whereby Intermark agreed to use its affiliate network to drive Internet traffic to a website offering Media Mogul Me

---

[1] Plaintiff incorrectly states that unjust enrichment is Count V of the Complaint. (Pl. Mem. 1, 8.)  Plaintiff's unjust enrichment claim is Count IX of the Complaint.  (Compl. ¶¶ 89-92.)
[2] The following facts are drawn from the Complaint, the parties' Local Civil Rule 56.1 Statements ("56.1 Stmt.") and their evidence in support.  Any relevant factual disputes are noted.

for sale ("Media Mogul Me Campaign"). (Def. 56.1 Stmt. ¶ 3 & Ex. 2; Compl. ¶¶ 22, 62.) Neither party disputes the existence or validity of this contract. Pursuant to those contracts, Viable paid a commission to PartnerWeekly for each valid lead PartnerWeekly submitted to it, and, in turn, PartnerWeekly paid a portion of that commission to Intermark for each of those leads that could be traced back to Intermark and its affiliates. (Pl. 56.1 Stmt. ¶¶ 7, 10, 28, 34; Compl. ¶¶ 23-24.)

The Media Mogul Me Campaign ran from October 28, 2008 through January 6, 2009 when Intermark was ordered to stop advertising due to fraudulent leads. (Pl. 56.1 Stmt. ¶ 8; Def. 56.1 Stmt. ¶ 8.) Plaintiff claims, and Defendants dispute, that over 13,000 of the 27,000 leads generated by Intermark were invalid and that Defendants admitted that 4,800 of the leads were invalid. (Pl. 56.1 Stmt. ¶¶ 9, 11.) Plaintiff now seeks summary judgment on its claim that Defendants were unjustly enriched in the amount of $158,000 in commissions paid for bad leads, $504,000 in chargeback fees for those bad leads, and $4,765 in transaction fees. (Pl. Mem. 2.)

## DISCUSSION

I. <u>Standard of Review</u>

"Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law."

3

Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.), 153 F.3d 61, 67 (2d Cir. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147 (2d Cir. 2011); see also Celotex, 477 U.S. at 322; McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134.

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." Id.; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "[O]nce such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256). "Mere conclusory allegations or

4

denials will not suffice." William v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). Similarly, "unsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41 (citing Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

"[I]f a motion for summary judgment has been made, a district court may grant summary judgment to any party-- including a non-movant," First Fin. Ins. Co. v. Allstate Interior Demolition Corp., 193 F.3d 109, 115 (2d Cir. 1999), provided that "all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court, . . . no material dispute of fact exists and . . . the [non-moving] party is entitled to judgment as a matter of law." Ramsey v. Coughlin, 94 F.3d 71, 74 (2d Cir. 1996).

II. Unjust Enrichment

Plaintiff asserts that it is entitled to summary judgment on its unjust enrichment claim because "the uncontroverted material facts of this case clearly establish that [Intermark] has been unjustly enriched at the expense of Viable, which has paid [Intermark] commission payments and incurred numerous chargeback fees and bank fines as a result of the invalid leads generated by [Intermark]." (Pl. Reply 1.)

5

To state a claim for unjust enrichment under New York law, a plaintiff must allege that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch, Ltd., L.P. v. Pheonix Pictures, Inc., 373 F.3d 296 306 (2d Cir. 2004) (citation omitted); see also Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 1110, 919 N.Y.S.2d 465, 471 (2011) (citing Citibank, N.A. v. Walker, 12 A.D.3d 480, 481, 787 N.Y.S.2d 48 (2d Dep't 2004); Baron v. Pfizer, Inc., 42 A.D.3d 627, 629-630, 840 N.Y.S.2d 445 (3d Dep't 2007)).

However, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery [for unjust enrichment] for events arising out of the same subject matter." Am. Med. Assoc. v. United Healthcare Corp., No. 00-CV-2800, 2007 WL 683974, at *9 (S.D.N.Y. Mar. 5. 2007) (alterations in original) (quoting U.S. East Telecomms., Inc. v. U.S. W. Commc'ns Servs., Inc., 38 F.3d 1289, 1296 (2d Cir. 1994)); accord Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388, 516 N.E.2d 190, 193, 521 N.Y.S.2d 653, 656 (1987). "This doctrine clearly bars unjust enrichment claims when both parties to the lawsuit are also parties to the contract itself." Am. Med. Assoc., 2007 WL 683974, at *9 (citing Chadirjian v. Kanian, 123 A.D. 2d 596,

6

598, 506 N.Y.S.2d 880, 880 (2d Dep't 1986)). The issue in this case is whether this doctrine bars an unjust enrichment claim when Plaintiff is a party to the contract but the Defendants are not, or vice versa.

Plaintiff argues that New York law bars unjust enrichment claims only when both parties to the lawsuit are also parties to the contract. They rely exclusively on Seiden Assocs., Inc. v. ANC Holdings, Inc., 754 F. Supp. 37, 40 (S.D.N.Y. 1991), where the court held that "existence of a written contract governing the same subject matter does not preclude [quasi-contract] recovery from non-parties" to the contract. Plaintiff's reliance, however, is misplaced, as the rule pronounced in Seiden "has decidedly fallen out of favor in New York courts." Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, L.L.C., 637 F. Supp. 2d 185, 196 (S.D.N.Y. 2009); see also Law Debenture v. Maverick Tube Corp., No. 06-CV-14320, 2008 WL 4615896, at *13 (S.D.N.Y. Oct. 15, 2008) ("Subsequent to the decision in Seiden, many courts in New York state and in this District have found that the existence of a valid and binding contract governing the subject matter at issue in a particular case does act to preclude a claim for unjust enrichment even against a third party non-signatory to the agreement." (collecting cases)); Am. Med. Ass'n, 2007 WL 683974, at *10 ("Despite the Seiden court's reasoning, subsequent decisions in

7

both New York state courts and in this district have consistently held that claims for unjust enrichment may be precluded by the existence of a contract governing the subject matter of the dispute even if one of the parties to the lawsuit is not a party to the contract." (collecting cases)). The Court finds the trend of recent New York state and federal decisions to be persuasive and concludes that a claim for unjust enrichment, even against a third party, cannot proceed when there is a valid, written agreement governing the subject matter of the dispute.

In the present case, there are two express agreements governing the subject matter of the dispute: (1) the Viable-PartnerWeekly Contract (Scher Decl. Ex. B), and (2) the PartnerWeekly-Intermark Contract (Def. 56.1 Counter-Stmt. Ex. 2). Plaintiff does not dispute the existence or validity of either contract, and, in fact, brings two claims arising out of those contracts: (1) a claim as a third-party beneficiary for the breach of the PartnerWeekly-Intermark Contract (Compl. Count IV); and (2) a claim for tortious interference with the Viable-PartnerWeekly Contract. Plaintiff's unjust enrichment claim, therefore, is precluded by these existing contracts which govern the exact subject matter of the unjust enrichment claim. For this reason, Plaintiff's partial summary judgment motion is DENIED.

Although Defendants made no formal motion for summary judgment, "it is most desirable that the court cut through mere outworn procedural niceties and make the same decision as would have been made had defendant made a cross-motion for summary judgment." Local 33, Int'l Hod Carriers Bldg. & Common Laborers' Union of Am. v. Mason Tenders Dist. Council of Greater N.Y., 291 F.2d 496, 505 (2d Cir. 1961). Since it is undisputed that there are two contracts governing the subject matter of the dispute, there are no genuine issues of material fact with respect to the unjust enrichment claim and Defendants are entitled to judgment as a matter of law. Therefore, the Court GRANTS summary judgment for Defendants as to the unjust enrichment claim and Count IX of the Complaint is DISMISSED.

## CONCLUSION

For the foregoing reasons, Plaintiff's partial motion for summary judgment is DENIED, partial summary judgment is GRANTED in favor of Defendants, and Count IX of Plaintiff's Complaint is DISMISSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  25 , 2011
       Central Islip, New York